IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Bonnie McBeth, | ) | Case No. 5:23-cv-03706-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of | ) | |
| Corrections, Tonya James, Lt. D. Brown, | ) | |
| Jane Doe, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's motion for entry of default and for default judgment. ECF Nos. 30, 37. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On January 19, 2024, the Magistrate Judge issued a Report recommending that the motions be denied. ECF No. 39. Plaintiff filed objections to the Report. ECF No. 45.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  The Magistrate Judge recommends denying Plaintiff's motions because service was not effectuated on Defendants Brown and Doe in compliance with Federal Rule of Civil Procedure 4(e).  ECF No. 39.  Plaintiff objects and assets that the Defendants were sufficiently identified for service.

Upon de novo review, the Court agrees with the Magistrate Judge.  It is clear from a review of the docket that neither Defendant Brown nor Defendant Doe was able to be served by the United States Marshals Service.  ECF Nos. 21, 22.  As they have not been served, there is no basis to hold them in default for failing to file a responsive pleading.  Accordingly, Plaintiff's motions for entry of default [30] and for default judgment [37] are **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 15, 2024
Spartanburg, South Carolina

2