IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Bennie McBeth, | ) | Case No. 5:23-cv-03706-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of | ) | |
| Corrections, Tonya James, Lt. D. Brown, | ) | |
| Jane Doe, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On April 24, 2024, Defendants Tonya James and South Carolina Department of Corrections ("SCDC") filed a motion for summary judgment. ECF No. 57. This Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences for failing to respond adequately.[1] ECF No. 58. Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond,

---

[1] The Court received a notice of change of address from Plaintiff and remailed the *Roseboro* order on April 30, 2024. ECF No. 61. Neither copy has been returned as undeliverable.

Plaintiff did not respond.  On June 11, 2024, the Magistrate Judge issued an order directing Plaintiff to provide proof of service on Defendants Lt. D. Brown and Jane Doe.  ECF No. 63.  Plaintiff did not respond to this order.  On July 18, 2024, the Magistrate Judge issued a Report recommending that Defendants Tonya James and SCDC be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and that Defendants Lt. D. Brown and Jane Doe be dismissed pursuant to Federal Rule of Civil Procedure 4(m).  ECF No. 42.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff has not filed objections to the Report and the time to do so has lapsed.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As noted above, Plaintiff did not file objections to the Report. Upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge. Defendants Tonya James and SCDC are **DISMISSED** with prejudice pursuant to Rule 41(b).[2] Defendants Lt. D. Brown and Jane Does are **DISMISSED** without prejudice pursuant to Rule 4(m).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 29, 2024
Spartanburg, South Carolina

---

[2] The motion for summary judgment [57] is FOUND as MOOT.